IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRIUNE, LLC
850 Hampshire Road, Suite "S"
Westlake Village, CA 91361,

        Case No. _____

     v.

STDA CORPORATION
8701 Etta Drive
Springfield, VA 22152,

     and

ABONASER HAQUE
441 4th Street, NW
Washington, DC 20001,

     and

SAJEDAH MUHEBBULLAH
8701 Etta Drive
Springfield, VA 22152,

     Defendants

\* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT
FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Triune, LLC, sues the Defendants Abonaser Haque, STDA Corporation, and Sajeda Muhebbullah (collectively, "Defendants") and, as reasons therefor, states:

### Introduction

1.    This action seeks injunctive relief and damages arising out of the Defendants' persistent infringement of Plaintiff's federally-registered

trademarks despite a judgment by the Superior Court for the State of California finding that Defendants' rights to use Plaintiff's trademarks were rightfully terminated by Plaintiff following Defendants' breach of a franchise agreement, *infra*.

2.      This action further seeks injunctive relief and damages under District of Columbia common law (invoking this Court's diversity and supplemental jurisdiction to so do) for trademark infringement/unfair competition and breach of contract.

## Parties

3.      Plaintiff Triune, LLC ("Triune") is a California limited liability company with its principal place of business in Los Angeles County, California.   Triune is the franchisor for Baja Fresh-branded restaurants ("Baja Fresh") throughout the United States, including in the District of Columbia.   As such, Triune owns and/or licenses certain intellectual property related to operation of Baja Fresh franchise locations by franchisees.   This intellectual property includes the following federally-registered trademarks (the "Marks"):

> a.      BAJA FRESH word mark, Reg. No. 2301436, Ser. No. 75415513 (the "Word Mark");
>
> b.      BAJA FRESH MEXICAN-GRILL design mark, Reg. No. 2750373, Ser. No. 78135003 (the "Checkerboard Mark");
>
> c.      BAJA FRESH EXPRESS word mark, Reg. Nos. 2352381 & 3573389, Ser. Nos. 75385352 & 77231972 (the "Express Word Mark"); and,

> d.      BAJA FRESH word mark in stylized format,
> Reg. No. 1716822, Ser. No. 74183164 (the "Stylized
> Mark").

4.      Defendant STDA Corporation ("STDA" or "Franchisee") is a District of Columbia corporation with its principal place of business in Fairfax County, Virginia.  In approximately 2010, STDA entered into a Baja Fresh Express Restaurant Franchising Agreement (the "Franchise Agreement") with Triune's predecessor-in-interest in order to operate a Baja Fresh in the District of Columbia (the "Restaurant") at 441 4th Street Northwest, Washington, DC 20001 (the "Franchised Location").  (A true and accurate copy of the Franchise Agreement is attached hereto as **Exhibit A**.) As part of the Franchise Agreement, STDA committed to the following provision in Section 17 (the "Termination Obligations"):

> Upon termination or expiration of this Agreement:
>
> *          *          *
>
> **D.   Discontinue Use.**   *Franchisee immediately shall discontinue all use of Marks* [i.e. marks associated with Baja Fresh] and of any and all items bearing the Marks, remove the Marks from clothing, signs, materials, motor vehicles and other items owned or used by Franchisee in the operation of the Restaurant; cancel all advertising for the Restaurant that contains the Marks (including telephone directory listings); and take such actions as may be necessary to cancel any filings or registrations for the Restaurant that contain any Marks.
>
> **E.   Alterations.**   *Franchisee promptly shall make such alterations and modifications to the Franchised Location as may be necessary to clearly distinguish to the public the Franchised Location from its former*

3

*appearance* and also make those specific additional changes as Franchisor may request for that purpose.

**F.   Evidence of Compliance.**  *Franchisee shall furnish Franchisor, within thirty (30) days after the effective date of termination or expiration, evidence reasonably satisfactory to Franchisor of Franchisee's compliance* with Sections 17.A through 17.E.

(Italics added.)

5.     Defendant Abonaser Haque ("Haque") is, on information and belief, a citizen and resident of the District of Columbia.  Haque is an owner, director, manager, and/or agent of SDTA, or otherwise has control over and/or directs the actions of SDTA complained of herein.

6.     Defendant Sajeda Muhebbullah ("Muhebbulah") is, on information and belief, a citizen and resident of Fairfax County, Virginia. Muhebbullah is an owner, director, manager, and/or agent of SDTA, or otherwise has control over and/or directs the actions of SDTA complained of herein.

7.     Contemporaneously with SDTA's execution of the Franchise Agreement, Haque and Muhebbullah ("Guarantors") entered into a Guarantee of Franchise Agreement (the "Guarantee").   In addition to committing Guarantors to SDTA's financial liability related to the Franchise Agreement, the Guarantee, in Section 2, states that "Guarantors, jointly and severally, irrevocably and unconditionally, fully guarantee to [Triune] … the performance of any and all obligations of Franchisee including, without

limitation, obligations under the [Franchise] Agreements … ."  (A true and accurate copy of the Guarantee is attached hereto as **Exhibit B**.)

## Jurisdiction and Venue

8.     Jurisdiction in this Court over Plaintiff's trademark claims is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because this arises under the laws of the United States and, specifically, an Act of Congress relating to trademarks.  Jurisdiction in this Court over Plaintiff's common law claim is proper pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California and Defendants are citizens of the District of Columbia or Virginia, and the amount in controversy exceeds $75,000; this Court may additionally exercise its supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367 because it is so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in the District of Columbia.

## Facts Common to All Counts

10.     After Defendants began operating the Franchised Location on or about January 5, 2012, Triune observed that the Restaurant failed to comply with the Performance Standards and Uniformity of Operation set forth in

Section 10 of the Franchise Agreement (the "Performance Standards"), which specifically are designed to protect the "reputation and quality" associated with the Marks.

11.     When Defendants continued to fail to comply with these standards, on June 11, 2014, Triune issued a written Notice of Default to STDA, Haque, and Muhebbullah informing them that they were in default of their obligations under the Franchise Agreement and Guarantee because of this failure.  Defendants failed to cure this default, and continued to operate in violation of the Franchise Agreement, including the Performance Standards.

12.     On May 29, 2015, the Superior Court for the State of California County of Los Angeles – West District (the "Superior Court") entered judgment in favor of Triune and against SDTA, Haque, and Muhebbulah, jointly and severally, for $17,785.22, representing damages in the amount of $16,226.43, attorney fees in the amount of $876.79, and costs in the amount of $682.00 (the "Judgment").  (A true and accurate copy of the Judgment is attached hereto as **Exhibit C**.)

13.     The Judgment includes the following findings by the Superior Court:

> WHEREAS the [Superior] Court has determined that Plaintiffs have proven, to the satisfaction of the court that Defendants breached their Franchise Agreements with Plaintiffs and failed to cure after being given a written Notice of Default.

> WHEREAS the Court has determined that Plaintiffs have proven, to the satisfaction of the court that **Defendants rights under the Franchise Agreements with Plaintiffs have been rightfully terminated**.

(emphasis added.)

14.     Despite the Judgment and demand by Plaintiff to cease and desist using the Marks and to comply with the Termination Obligations, Defendants have continued operating the Restaurant as a Baja Fresh at the Franchised Location using the Marks.

15.     Defendants' improper uses of the Marks include improperly and impermissibly using the Marks to advertise the Restaurant, including specific items for sale at the Restaurant, and identify the Restaurant as a Baja Fresh location; for example, the following uses of the Marks by Defendants were observable at the Restaurant on or about September 14, 2015:









### COUNT I –
### 15 U.S.C. § 1114 - TRADEMARK INFRINGEMENT
### (Triune v. Defendants)

16.     Plaintiff incorporates all relevant allegations above and additionally states:

17.     Defendants advertise, operate, and hold out the Restaurant to the public as a Baja Fresh, even though Defendants no longer have any association with Triune or any other Baja Fresh-related entity, and are no longer permitted to use the Marks owned by Triune and licensed by Fresh Enterprises, LLC.

18.     As such, Defendants are using Plaintiff's Marks in commerce, without Plaintiff's license or permission, in connection with the sale, offering for sale, distribution, or advertising of their goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

19.    Defendants have committed these acts of infringement with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.  In particular, Defendants intend for the public to believe the Restaurant is a Baja Fresh through Defendants' improper uses of the Marks, knowing full well that Defendants' no longer have permission to operate as a Baja Fresh because Defendants failure to meet the Performance Standard that Triune established in the Franchise Agreement in order to protect its reputation.

20.    As a direct and proximate result of Defendants' infringement of Plaintiff's Marks, Plaintiff has suffered damages, including but not limited to harm to the reputation for quality that is of the utmost importance for Plaintiff (as specifically set forth in the Franchise Agreement) and lost sales and/or royalties.

21.    Defendants have further wrongfully reaped profits from their infringement of Plaintiff's Marks, which profits should be disgorged in accordance with 15 U.S.C. § 1117(a)(1).   On information and belief, Defendants' sales using the infringing Marks are in excess of $3,500 per week, or in excess of $63,000 in the approximately eighteen weeks between the date the Judgment was entered and the date this Complaint is being filed.

22.    In addition, Defendants' knowing, willful, and wanton conduct in continuing to infringe on Plaintiff's Marks despite the Superior Court's

findings and Plaintiff's demands makes this an exceptional case in which this Court may award reasonable attorney fees to Plaintiff.

## COUNT II –
## UNFAIR COMPETITION
### (Triune v. Defendants)

23.    Plaintiff incorporates all relevant allegations above and additionally state:

24.    Defendants are passing off their inferior restaurant goods and services as those of Baja Fresh without Plaintiff's permission, including using Plaintiff's trademarks and trade dress.

25.    Defendants' actions have caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of their goods or service, and as to affiliation, connection or association with or certification by Plaintiff.

26.    As a direct and proximate result of Defendants' infringement of Plaintiff's Marks, Plaintiff has suffered damages, including but not limited to harm to the reputation for quality that is of the utmost importance for Plaintiff (as specifically set forth in the Franchise Agreement) and lost sales and/or royalties.

WHEREFORE, Plaintiff Triune, LLC demands the following judgment be entered in their favor and against Defendants Abonaser Haque, STDA Corporation, and Sajedah Muhebbulah, jointly and severally:

A. Pursuant to 15 U.S.C. § 1116 and/or District of Columbia common law, injunctive relief preventing Defendants from using the Marks in commerce in any manner; and

B. Pursuant 15 U.S.C. § 1117 and/or District of Columbia common law, Plaintiff's actual damages in an amount in excess of $100,000, disgorgement of Defendants' profits, and Plaintiff's reasonable costs and attorneys' fees.

_____/s/_____
Perry Roshan-Zamir (Fed. Bar. No. 458939)
General Counsel, Baja Fresh / La Salsa
2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
310.582.1993
perry@bajafresh.com